JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ACOSTA, OMAR

## DEFENDANTS

UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff   **Burlington County NJ**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

James A. Wells, Esquire, Gay & Chacker, P.C.
1731 Spring Garden St, Phila., PA  19130;215-567-7955

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☐ 3   Federal Question *(U.S. Government Not a Party)* |
| ☒ 2   U.S. Government Defendant | ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 2671; 28 USC Section 1346; 28 USC Section 2401(b)

Brief description of cause:
Federal Tort Claims Act, Personal Injury Lawsuit

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 10000000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| Oct 13, 2023 | James A. Wells, Esquire |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

05/2023

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 5756 Hartford & Pointville Road, Joint Base MDL, NJ  08640

Address of Defendant: 700 Arch Street, Philadelphia, PA  19106

Place of Accident, Incident or Transaction: 700 Arch Street, Philadelphia, PA  19106

---

**RELATED CASE IF ANY:**

Case Number: _____ Judge: _____ Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE:  10/13/2023 _____   72941

*Attorney-at-Law (Must sign above)*          *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

**A.  *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☒ 15. All Other Federal Question Cases. *(Please specify):* Medical Malpractice/Negligence

**B.  *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):*_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, James A. Wells, Esquire _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 10/13/2023 _____   72941

*Attorney-at-Law (Sign here if applicable)*          *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OMAR ACOSTA,                          :
                    Plaintiff,        :
                                      :
    v.                                :
                                      :        JURY TRIAL DEMANDED
UNITED STATES OF AMERICA              :
                                      :        NO. ____-cv-_____
                    Defendant.        :

## COMPLAINT

Plaintiff, Omar Acosta ("Mr. Acosta") by and through his attorneys, Gay & Chacker, P.C., hereby files the following Complaint against defendant, United States of America "defendant USA"):

## Jurisdiction and Venue

1.      This action is brought pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., 28 U.S.C. § 1346(b) and 28 U.S.C. § 2401(b).

2.      On April 14, 2023, defendant USA formally notified plaintiff that a resolution of his claim could not be made in the administrative claim process. See April 14, 2023 letter, a true and correct copy of which is attached hereto and marked as Exhibit "A".

3.      In accordance with 28 U.S.C. § 2401 (b) and 39 C.F.R 912.9(a), plaintiffs are permitted to bring this action in the United States District Court.

4.      Venue is proper in this Honorable Court pursuant to 28 U.S.C.S. §1402(b) as the plaintiff resides in this District, and the acts or omissions complained of occurred in this District.

## Parties

5.      Mr. Acosta is an adult individual who is currently incarcerated at FCI Fort Dix. At the time of the events set forth herein, Mr. Acosta was an inmate Philadelphia FDC, 700 Arch Street, Philadelphia, PA 19106.

6. Defendant USA is a government agency that maintains, controls, and operates the Philadelphia FDC though the Federal Bureau of Prisons and was responsible for ensuring that inmates at the Philadelphia FDC, including Mr. Acosta, receive timely medical treatment to address their medical needs and/or for promptly scheduling appointments for medical consultations to address inmates' medical needs.

7. At all times material hereto, defendant USA acted by and through its servants, agents, and/or employees, including but not limited to Odeida Dalmasi, M.D., Raeph Laughingwell, M.D., Sandra West, O.D., Liju Mathew, FNP-DC, Warden Sean Marler, and Medical Director Kevin Cassano, who were at all times acting in the course and scope of their employment or agency with defendant USA.

## Facts

8. On January 13, 2020, Mr. Acosta was evaluated by Sandra West, OD for decreased vision in his right eye.

9. Ms. West determined that Mr. Acosta had non-proliferative diabetic retinopathy.

10. Retinopathy is a condition that involves blockage of small blood vessels in the eye. In the early stages of retinopathy, new blood vessels do not form in the eye, which is referred to as non-proliferative retinopathy.

11. When the condition becomes more advanced, new blood vessels form in the eye that can cause bleeding, scar formation and pulling or stretching of the retina. This pulling or stretching can result in retinal detachment. This more advanced condition is referred to as proliferative retinopathy.

12. If not timely treated, non-proliferative retinopathy can lead to proliferative retinopathy which can in turn lead to retinal detachment and loss of vision.

2

13. Ms. West recommended that Mr. Acosta obtain an urgent consult with an offsite Opthalmologist with a target date of January 24, 2020.

14. As a result of the defendant's negligent and reckless conduct, Mr. Acosta did not receive the ophthalmology consult he desperately needed until November 18, 2020.

15. On that date Mr. Acosta was examined by Dr. Luca Zatreanu with Soll Eye.

16. Dr. Zatreanu diagnosed Mr. Acosta with proliferative retinopathy due to diabetes mellitus and vitreous hemhorrage due to diabetes mellitus.

17. Dr Zatreanu noted that Mr. Acosta never had retinal lasers or injections. Dr. Zatreanu recommended regular anti-VEGF injections and retinal laser treatment in both eyes. Mr. Acosta was to return "ASAP" for the bilateral injections.

18. On or about January 12, 2021, Mr. Acosta finally received the treatment he needed when he presented to Dr. Rebecca Soares with Wills Eye who performed injections in both eyes.

19. On or about February 21, 2020, Mr. Acosta returned to Wills Eye and received laser treatment in his left eye. Further treatment regarding his right eye, however, was deferred because the retina in his right eye had become detached and had to be surgically repaired.

20. On or about March 5, 2021, Mr. Acosta underwent surgery to his right eye that included a 23-guage pars plana vitrectomy, endolaser, air-fluid exchange, membrane peel, right eye, and silicone oil 1000 centistoke.

21. Despite ongoing attempts to salvage Mr. Acosta's vision, as a direct and proximate result of the defendant's negligent medical care and treatment, Mr. Acosta suffered a retinal detachment in his right eye requiring surgical repair and loss of vision in both eyes.

22. Defendant USA was aware that non-proliferative diabetic retinopathy is serious

3

medical condition that requires prompt treatment to prevent proliferative diabetic retinopathy, damage to the eye, and a loss of vision.

23. Despite the foregoing, defendant USA failed to ensure that Mr. Acosta receive prompt and timely medical treatment and/or failed to promptly schedule the medical consultation that Mr. Acosta desperately needed following his examination on January 13, 2020.

24. Despite the foregoing, the defendant USA failed to undertake prompt and appropriate medical care and attention and/or failed to ensure that prompt and appropriate medical care and attention was provided to Mr. Acosta, including scheduling of an offsite ophthalmology appointment on an urgent basis.

25. Defendant USA's failure to provide immediate and appropriate medical care and attention increased the risk of harm to Mr. Acosta caused Mr. Acosta to suffer severe and permanent injury including but not limited to advancement of his retinopathy, bleeding and scarring of his eye, retinal detachment in his right eye, and loss of vision in both eyes.

26. As a direct and proximate result of defendant's conduct, Mr. Acosta suffered severe and permanent harm and injuries, including but not limited to advancement of his retinopathy, bleeding and scarring of his eye, retinal detachment in his right eye, and loss of vision in both eyes.

27. The actions and inactions of defendant increased the risk of harm and caused harm to Mr. Acosta.

28. As a direct and proximate result of defendant's conduct, Mr. Acosta has suffered and will continue to suffer in the future great pain and suffering, embarrassment, humiliation, emotional distress, disfigurement, and loss of the enjoyment of life.

29. As a direct and proximate result of defendant's conduct, Mr. Acosta has and will

4

in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

30.    As a direct and proximate result of defendant's conduct, Mr. Acosta has and will in the future be unable to attend or perform his usual daily duties and occupations, all to his great detriment and loss.

31.    As a direct and proximate result of defendant's conduct, Mr. Acosta has and will be deprived in the future of earnings and earning capacity all to his great detriment and loss.

32.    Without any regard for Mr. Acosta's health and safety, the defendant ignored Mr. Acosta's medical condition and denied him medical treatment that he desperately needed.

33.    Without any regard for Mr. Acosta's health and safety, defendant USA ignored Mr. Acosta's medical condition, and refused to transfer him to an outside medical facility for the ophthalmologic consultation and treatment that he desperately needed.

## COUNT ONE – NEGLIGENCE

34.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 33, inclusive, of this Complaint, as if the same were set forth in full herein.

35.    At the times and places described above, while Mr. Acosta was under the care, supervision and treatment of the defendant, he suffered serious, severe and permanent injuries as a direct result and proximate result of the negligence and carelessness of defendant.

36.    The negligence and/or carelessness of the defendant includes the following:

    a.    Failure to adequately, properly, and timely assess and evaluate Mr. Acosta's non-proliferative diabetic retinopathy;

    b.    Failure to adequately, properly, and timely provide proper medical treatment for Mr. Acosta's eye conditions;

    c.    Failure to adequately, properly and timely refer Mr. Acosta for emergency medical treatment;

d.    Failure to adequately, properly and timely refer Mr. Acosta to an appropriate specialist;

e.    Failing to timely schedule Mr. Acosta for evaluation by an ophthalmologist;

f.    Failure to adopt, implement, and enforce adequate and proper policies and procedures to ensure that inmates receive timely medical care and treatment;

g.    Failure to adequately and properly hire, train, and supervise the medical providers and others at Philadelphia FDC;

h.    Failure to provide adequate and proper staffing to ensure the inmates at Philadelphia FDC receive prompt and appropriate medical care and treatment; and

i.    Failure to provide and render reasonable care under the circumstances as set forth above.

37.    In addition to being directly liable for its negligent acts, defendant USA is vicariously liable for the actions and inactions of its agents, servants, and employees under the doctrine of *respondeat superior*.

38.    As a direct and proximate result of defendant USA's negligence and recklessness, Mr. Acosta suffered the injuries, harms, and damages set forth above.

## REQUESTED RELIEF

Wherefore, Plaintiff respectfully requests:

1. Compensatory damages;

2. Punitive damages against defendants;

3. Reasonable attorneys' fees and costs;

4. Such other and further relief as may appear just and appropriate.

5. Plaintiff hereby demands a jury trial as to each count and each defendant.

6

*James A. Wells*
JAMES A. WELLS, ESQUIRE
GAY & CHACKER, P.C.
1731 Spring Garden Street
Philadelphia, PA  19130
(215) 567-7955
fax: (215) 567-6809
james@gayandchacker.com

**Attorneys for Plaintiff**
**Omar Acosta**

Date:  October 12, 2023

7



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

<u>*Via Certified and Return Receipt Mail*</u>

*U.S. Custom House-7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA  19106*

April 14, 2023

James A. Wells
Gay & Chacker, P.C.
1731 Spring Garden Street
Philadelphia, PA 19130-3915

   RE: Administrative Claim No. TRT-NER-2023-01654
      Omar Acosta, Register No. 77332-066

Dear Mr. Wells:

  Administrative Claim No. TRT-NER-2022-03120, properly received in this office on November 16, 2022, has been accepted and considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30. You seek $10,000,000.00 for a personal injury claim. Specifically, you allege Omar Acosta, Register No. 77332-066, has suffered a loss of vision and detached retina in his right eye due to FDC Philadelphia delaying in his medical care since January 12, 2021.

  An investigation, including a review of Mr. Acosta's medical records, reflects there is not sufficient evidence to substantiate the allegations of this claim. On January 8, 2020, Mr. Acosta was evaluated by the Optometrist and diagnosed with non-proliferative diabetic retinopathy. Due to the unforeseen conditions of the COVID-19 virus in the United States, the BOP had to prioritize outside medical trips. Mr. Acosta has continued to receive appropriate medical care, including outside consultations and eye surgery. There is no evidence that a delay in medical care caused Mr. Acosta to suffer loss of vision and/or a detached retina. There is no evidence you experienced a compensable loss as the result of negligence on the part of any Bureau of Prisons employee. Accordingly, your claim is denied.

  If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this letter.

          Sincerely,

          Darrin Howard
          Regional Counsel

cc: Andy Cruz, Acting Warden, FDC Philadelphia



EXHIBIT
"A"